UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN FREITAS, SR., et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 18-cv-01259-GPC (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY [ECF NO. 42];**<br><br>**(2) GRANTING IN PART THE FREITAS DEFENDANTS' MOTION TO REOPEN DISCOVERY [ECF NO. 40]; AND**<br><br>**(3) DENYING WITHOUT PREJUDICE THE FREITAS DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER [ECF NO. 41]** |

Before the Court is a motion to reopen discovery filed by Plaintiff United States of America ("Plaintiff") (ECF No. 42), and a motion to reopen discovery and a motion to amend the Scheduling Order filed by Defendants John Freitas, Sr. and Carolyn Freitas (collectively, the "Freitas Defendants") (ECF Nos. 40, 41). Defendant Nazary Caboz ("Caboz") opposes the motions to reopen discovery. (ECF Nos. 43, 44.)

1

For the reasons set forth below, the Court **DENIES** Plaintiff's motion to reopen discovery (ECF No. 42), **GRANTS IN PART** the Freitas Defendants' motion to reopen discovery (ECF No. 40), and **DENIES WITHOUT PREJUDICE** the Freitas Defendants' motion to amend the Scheduling Order (ECF No. 41).

## I. BACKGROUND

### A. Factual Background

Plaintiff commenced this action against Defendants on February 14, 2018 by filing a Complaint for Deficiency on Preferred Ship Mortgage in the Western District of Washington. (ECF No. 1.) The following facts are taken from the Complaint:

On or about November 25, 2009, Vasco Enterprises, Inc. ("Vasco") was the owner of the F/V CAROL LINDA, Official Number 62497 ("the Vessel"). (*Id.* at ¶¶ 3, 7.) At the direction of and on approval of Defendants, Vasco executed and delivered to Plaintiff a promissory note in the amount of $3,000,000, bearing interest at 5.785% per year, and a Preferred Ship Mortgage. (*Id.* at ¶¶ 7-8.) At the same time, Defendants, as officers and directors of Vasco, guaranteed all obligations owed under the promissory note in a Guaranty Agreement. (*Id.* at ¶¶ 7, 9.)

In or about August 2015, Plaintiff learned that a third-party, WH Fisheries, Inc., had filed a complaint in the High Court of American Samoa (the "Samoan Action") to foreclose on a second mortgage it held on the Vessel, and obtained an order for the arrest of the Vessel. (*Id.* at ¶ 10.) Vasco did not provide Plaintiff with notice of the arrest of the Vessel, as required by the Preferred Ship Mortgage. (*Id.* at ¶ 11.) Such action constituted a default under the terms and provisions of the Preferred Ship Mortgage, and Plaintiff thereafter notified Vasco and Defendants of the default. (*Id.* at ¶¶ 11-13.)

Following the arrest of the Vessel, Vasco stopped making payments to Plaintiff, as required by the promissory note and the Preferred Ship Mortgage. (*Id.* at ¶ 14.) By letter dated October 8, 2015, Plaintiff notified Vasco that its failure to make payments constituted a breach of the promissory note and the Preferred Ship Mortgage. (*Id.* at ¶ 15.) As a result of the breach, Plaintiff made a demand for full payment of the remaining indebtedness of

$2,460,587.46, including interest then owing. (*Id.*) Plaintiff also informed Vasco that interest on the total indebtedness would accrue on the principal balance at a rate of $1,213.44 per diem until fully paid. (*Id.*) In addition to notifying Vasco, Plaintiff notified and made a demand for full payment on Defendants under the Guaranty Agreement. (*Id.* at ¶¶ 16-17.)

In October 2015, Plaintiff filed a Complaint-in-Intervention in the Samoan Action seeking to foreclose on its first Preferred Ship Mortgage. (*Id.* at ¶ 18.) On December 9, 2015, the court in the Samoan Action issued an order for the interlocutory sale of the Vessel. (*Id.* at ¶ 19.) A public auction was held on February 16, 2016, and Plaintiff purchased the Vessel for a credit bid of $2,500,000. (*Id.*) The Samoan court approved the sale on March 7, 2016. (*Id.*)

As of the date of filing this action, the total debt owed to Plaintiff under its Preferred Ship Mortgage was no less than $2,642,603.52. (*Id.* at ¶ 23.) The Court in the Samoan Action maintains jurisdiction over the credit bid fund. (*Id.* at ¶ 20.) As of the date of filing, the total deficiency existing between the amount of the credit bid fund and what is owed to Plaintiff under its Preferred Ship Mortgage was no less than $657,064.87. (*Id.* at ¶ 24.) That amount is subject to increase. (*See id.* at ¶ 25.)

Plaintiff brings this action under 46 U.S.C. § 31325(b)(2)(A) in order to recover against Defendants "the deficiency that exists between the credit bid fund established after the judicial foreclosure sale of the [Vessel] and the Preferred Ship Mortgage the United States held on said vessel." (*Id.* at ¶¶ 3, 26-28.) Plaintiff also asserts claims against Defendants under the Federal Debt Priority Statute, 31 U.S.C. § 3713, and the Federal Debt Collections Procedures Act, 28 U.S.C. § 3001 *et seq.* (*Id.* at ¶¶ 29-37.)

### B. Procedural Background

The United States District Court for the Western District of Washington ordered that this case be transferred to the Southern District of California on June 8, 2018. (ECF No. 15.) The Court held a telephonic, counsel-only Early Neutral Evaluation Conference ("ENE") on August 20, 2018. (ECF No. 27.) The case did not settle. (*Id.*) Accordingly,

the Court held a Case Management Conference ("CMC") immediately following the ENE. (*Id.*)

The Court issued a Scheduling Order on August 20, 2018, which set forth the following pertinent deadlines:

- Deadline to amend the pleadings: September 20, 2018
- Deadline to complete fact discovery: January 31, 2019
- Deadline to complete expert discovery: March 29, 2019
- Pretrial motions filing deadline: April 26, 2019
- Mandatory Settlement Conference: April 10, 2019 (later moved due to a conflict in the Court's calendar to April 5, 2019)
- Final Pretrial Conference: July 26, 2019

(ECF Nos. 28, 30.)

On March 22, 2019, the parties filed a Joint Motion to Continue the Mandatory Settlement Conference ("MSC"). (ECF No. 31.) The parties sought to continue the MSC on the basis that the Freitas Defendants intended to substitute counsel due to serious health complications experienced by their counsel, Sterling J. Stires. (*Id.*) On March 25, 2019, the Court vacated the MSC and set a telephonic, counsel-only Status Conference. (ECF No. 32.)

On March 29, 2019, the Freitas Defendants filed substitution of counsel forms to substitute in Heather A. Rogers and Jason A. Cohen in place of Mr. Stires. (ECF Nos. 34, 35.) In support of their substitutions, an attorney from Mr. Stires' firm filed a declaration. In the declaration, he states that ailing counsel "went out on medical disability approximately December 17, 2018" and his return date is unknown. (ECF No. 34 at 3.)

On March 29, 2019, Plaintiff filed a Status Conference Statement. (ECF No. 33.) In the statement, Plaintiff stated that "[a]s a practical matter, this case is not ripe for settlement or trial until the conclusion of the Samoan action," because "the amount of the deficiency/debt in this case (*i.e.*, damages) cannot be calculated until the amount disbursed

to the United States in the Samoan action is finally determined." (*Id.* at 6-7.) Plaintiff noted that it is currently litigating five disputed crew wage claims in the amount of $852,958.70, which could further reduce the credit bid fund. (*Id.* at 4.)

Plaintiff further stated that it "only recently received a copy of the notary page" bearing Defendant Caboz's signature and driver's license number, which purportedly belies her allegations that one or more family members fraudulently forged and executed her guarantee. (*Id.* at 7.) Plaintiff therefore requested "a short extension of time to conduct the deposition of the Notary and the persons who are alleged to have potential knowledge of the issues surrounding the defendant's execution of the guarantee." (*Id.* at 8.) On April 1, 2019, Defendant Caboz filed a Status Conference Statement objecting to Plaintiff's request to reopen discovery. (ECF No. 36.)

On April 5, 2019, the Court held the Status Conference. (ECF No. 38.) As no motion to reopen discovery was before the Court, the Court ordered that any motion to reopen discovery shall be filed no later than April 15, 2019, and any opposition shall be filed no later than April 22, 2019. (*Id.*) The Court further reset the MSC for May 21, 2019. (ECF No. 39.)

On April 15, 2019, the Freitas Defendants filed a motion to reopen discovery and a motion to amend the Scheduling Order, and Plaintiff filed a motion to reopen discovery. (ECF Nos. 40-42.) Defendant Caboz filed oppositions to both motions to reopen discovery. (ECF Nos. 43, 44.)

## II    LEGAL STANDARD

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). Good cause must be shown for modification of the scheduling order regulating discovery. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The "good cause" requirement primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609.

When the motion to extend time is made after time has expired, the court must also consider excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

In addition, when deciding whether to amend a pretrial scheduling order and reopen discovery, a court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States* ex rel. *Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)).

## III. DISCUSSION

### A. Plaintiff's Motion to Reopen Discovery

Plaintiff moves to reopen discovery to address Defendant Caboz's contention that the Freitas Defendants and Defendant Caboz's granddaughter, who notarized the Guaranty Agreement, "forged her signature" on the document. (ECF No. 42-1 at 3.) Plaintiff does not specify the scope and type of discovery it wants to pursue[1] but claims that the discovery is necessary to address Defendant Caboz's "attempts, if any, to use her fellow guarantors' and family members' alleged acts as defenses to her own personal liability under the guarantee." (*Id.* at 5, n.3.) Plaintiff appears to claim that it was previously precluded from conducting any discovery into Defendant Caboz's defenses because it did not receive a

---

[1] Although Plaintiff does not specify the scope and type of discovery it wants to pursue in its present motion, in a prior Status Conference Statement, Plaintiff indicated that it wants a "short extension of time to conduct the deposition of the Notary and the persons who are alleged to have potential knowledge of the issues surrounding the defendant's execution of the guarantee." (ECF No. 33 at 8.) Nowhere does Plaintiff indicate how much time it needs to conduct the additional requested discovery.

6

18-cv-01259-GPC (JLB)

copy of the notary page bearing Defendant Caboz's signature until after discovery had closed. (*Id.* at 5.)

Defendant Caboz opposes Plaintiff's motion. (ECF No. 43.) Defendant Caboz contends that Plaintiff has not been diligent in pursuing the requested discovery and that she will be prejudiced by the protraction of this case because it "is a nuisance burden to [her], not only financially but also to her deteriorating health conditions." (*Id.* at 6.) Defendant Caboz recently celebrated her 87th birthday. (*Id.*)

For the reasons highlighted by Defendant Caboz in her opposition, the Court finds that Plaintiff has not been diligent in pursuing the requested discovery. In her Answer, filed on March 27, 2018, Defendant Caboz denied being "an individual guarantor of the Preferred Ship Mortgage the United States held on the Vessel." (*Compare* ECF No. 1 at ¶ 6, *with* ECF No. 9 at ¶ 6.) Defendant Caboz also explicitly stated that she "denies that she guaranteed the purported Preferred Ship Mortgage under the Guaranty Agreement." (ECF No. 9 at ¶ 9.) In her Affirmative Defenses, Defendant Caboz further asserted, *inter alia*, the defenses of forgery and fraud. (ECF No. 9 at 9, 10.)

In the Court's July 3, 2018 Order setting the ENE and CMC, the Court ordered the parties to complete the Rule 26(f) conference, which requires the parties to meet and confer, on or before July 18, 2018. (*See* ECF No. 20 at ¶ 7(a).) Following the Rule 26(f) conference, the parties filed a Joint Discovery Plan on August 13, 2018. (ECF No. 25.) The Plan states that the parties intended to conduct discovery on the "validity of the Guarantees that are the basis of the United States' action against defendants herein." (ECF No. 25 at 2.) The Plan also states that the parties anticipated deposing several individuals, including Defendant Caboz and Nazare Judd. (*Id.* at 7.) Ms. Judd is identified in the Plan as "the notary public who notarized the Guarantees purportedly signed by defendant Mrs. Caboz." (*Id.*) Ms. Judd is also identified as someone who "has discoverable information regarding the circumstances concerning how the signatures on the Guarantees were obtained." (*Id.*) The Plan further lists "[d]ocuments relating to the circumstances concerning how the signatures on the Guarantees were obtained, including the notary

book," as categories of documents the parties wanted produced during discovery. (*Id.* at 8.)

During the telephonic CMC before this Court on August 20, 2018, the Court's notes reflect that the parties discussed Defendant Caboz's contention that she did not sign the Guaranty Agreement. The Court's notes also reflect that the Court suggested that one or more of the parties subpoena the notary page and urged former counsel for the Freitas' Defendants to look into whether he could *also* obtain access, so as not to delay settlement discussions. During the conference, Plaintiff's counsel indicated that he believed the notary's deposition should happen right away.

Thus, there can be no dispute that by August 2018, the parties were aware of Defendant Caboz's contention that she did not sign the Guaranty Agreement, the identity of the notary public who notarized the Guaranty Agreement purportedly signed by Defendant Caboz, and the key relevant document.[2] However, between the CMC on August 20, 2018 and the Government shutdown which began on December 21, 2018, Plaintiff conducted no discovery in this case. The Government shutdown lasted until January 25, 2019. Pursuant to General Orders 688 and 688-A, all due dates, deadlines, and cut-off dates in cases impacted by the Government shutdown were extended for 35 days, including dates falling after January 25, 2019. Therefore, Plaintiff's deadline to complete fact discovery was extended to March 7, 2019. Even with that additional 35 days, Plaintiff still conducted no discovery through March 7, 2019. The first time Plaintiff raised the

---

[2] Defendant Caboz's counsel has also filed a declaration under penalty of perjury stating as follows: "Starting immediately after Mrs. Caboz filed her Answer on March 27, 2018, I had a number of communications (both on the telephone and in writing) with counsel for Plaintiff in which I explained that there was a long and sordid history between the defendants, that my client was adamant that she did not sign any document to encumber the vessel, and that she believed that the signature on the Guaranty was forged." (ECF No. 43-1 at ¶ 2.)

8

issue of the need to conduct discovery into this area was on March 29, 2019 in its unsolicited Status Conference Statement. (ECF No. 33.)

Based on the foregoing, the Court finds that Plaintiff was not diligent in pursuing the requested discovery before the Court-ordered deadline. As the Ninth Circuit has stated, "[i]f [the moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. However, consideration of the other factors identified by the Ninth Circuit leads the Court to the same conclusion. The Final Pretrial Conference in this matter is presently set for July 26, 2019. (ECF No. 28.) The request is opposed by Defendant Caboz and given her age and deteriorating health condition, Defendant Caboz would be prejudiced by an unspecified continuation of this matter. In addition, the need for the requested discovery was not only foreseeable but anticipated, and five months was more than enough time to conduct the requested discovery.

Accordingly, Plaintiff's motion to reopen discovery is **DENIED**.

**B.   Freitas Defendants' Motion to Reopen Discovery**

The Freitas Defendants also move to reopen discovery so that they may conduct fact discovery with respect to Plaintiff's resale of the Vessel to a third party. (ECF No. 40 at 2.) The Freitas Defendants claim that they recently learned the Vessel has been resold by Plaintiff to a bona fide purchaser. (*Id.*) They further claim that since no discovery has been taken in this case, the details of the sale are currently unknown to the Freitas Defendants and "directly relate to this Action and the amount of deficiency, if any, of which Defendants may be liable." (*Id.*)

Plaintiff did not file an opposition to the Freitas Defendants' motion to reopen discovery. However, Defendant Caboz did file an opposition to the motion. (ECF No. 44.) As discussed above, Defendant Caboz is an elderly and ailing widow and opposes "the needless protraction of this litigation based solely on other parties' failures to conduct any discovery whatsoever in the past year." (*Id.* at 2.) Defendant Caboz contends that "the mere engagement of new counsel" does not suffice as good cause to amend the Scheduling

Order "since the Freitas Defendants' former counsel made the strategic decision not to propound any discovery before the Court's discovery cutoff of January 31, 2019." (*Id.*)

Upon review of the docket, the court finds that the Freitas Defendants were on notice of Plaintiff's resale of the Vessel at the outset of this case. The Joint Discovery Plan filed on August 13, 2018 states that the parties intended to conduct discovery "on the issues of liability and damages," including, but not limited to: (1) "the expenses incurred by the United States in an effort to sell the vessel to a third party after its purchase at the judicial ordered sale"; (2) "the sale of the vessel by the United States to a third party"; (3) "the value of the vessel at the time it was sold to a third party"; and (4) "the amount received by the Government in its sale to a third party." (*Id.* at 2-3.)

The Plan further states under the category of individuals the parties wanted to depose:

> (8) Party who bought the vessel from plaintiff. The Freitas defendants are informed and believe the party who purchased the vessel from the plaintiff has discoverable information regarding how much was paid to the plaintiff for the vessel, the negotiations of the vessel sale by the plaintiff, negotiations for the subsequent sale of the vessel, what amount the party sold the vessel for, and the condition of vessel when purchased from U.S. and then sold again. This is relevant to the plaintiff's alleged damages.
>
> (9) Party who currently owns the vessel. The Freitas defendants are informed and believe the party who currently owns the vessel has discoverable information regarding the purchase and sale of the vessel subsequent to the foreclosure sale, and the condition of the vessel currently. This is relevant to the plaintiff's alleged damages.

(ECF No. 25 at 6-7.) The parties also listed documents related to the sale of the Vessel by Plaintiff to a third party, and documents related to the value of the Vessel at the time Plaintiff sold it to a third party as documents they wanted produced in this case. (*Id.* at 7.)

Between August 2018 and December 17, 2018, when Mr. Stires went on medical leave, the Freitas Defendants conducted no discovery. They served no discovery and conducted no depositions. Defendant Caboz contends that this was a conscious decision

on the part of defense counsel resulting from Plaintiff's decision not to conduct any discovery. (*See* ECF Nos. 34 at 3; 43-1 at ¶¶ 4-5.)

The Court acknowledges that "[a]n eleventh-hour case evaluation by newly retained counsel finding there is need for [certain discovery] does not demonstrate diligence during the course of the litigation." *Zone Sports Ctr., LLC v. Rodriguez,* No. 1:11-cv-00622-SKO, 2016 WL 224093, at *5 (E.D. Cal. Jan. 19, 2016); *see also DropZoneMS, LLC v. Cockayne*, No. 3:16-cv-02348-YY, 2019 WL 2070417, at *5 (D. Or. Feb. 27, 2019) ("To the extent plaintiff would use his prior counsel's absence for undisclosed health-related issues as an excuse to bring this case anew, with new theories and claims that were available long before prior counsel's absence, it suffers from a bout of Monday-morning quarterbacking. . . . Otherwise stated, retaining new counsel does not provide the opportunity to re-strategize a lawsuit."). The Court further acknowledges that courts have held that a counsel's "conscious choice" not to conduct discovery within the discovery period "does not constitute excusable neglect for purposes of failure to meet a deadline." *See Davis v. Cal. Dep't of Corr. & Rehab.*, No. C 08-4481 SBA, 2013 WL 1208965, at *3 (N.D. Cal. Mar. 25, 2013).

However, the Court also recognizes that despite any representation to Defendant Caboz's counsel, Mr. Stires could have changed his mind and still served timely discovery had it not been for his medical leave. After he went on medical leave, Mr. Stires did not return to work before new counsel was substituted into this case. (*See* ECF No. 34.) As Mr. Stires was the only certified specialist in maritime law employed by his firm, there is nothing in the record to suggest that he was working with another attorney in his firm who had knowledge of this case and could have stepped in to handle discovery. (*See id.*) Accordingly, the Court finds that the Freitas Defendants have minimally demonstrated excusable neglect for their failure to complete discovery before the deadline and to move to modify the Scheduling Order in a timely manner.

The Court further finds that consideration of the relevant factors weighs in favor of permitting the Freitas Defendants to conduct limited written discovery into the sale of the

Vessel by Plaintiff to a third party. The Freitas Defendants represent that they will have interrogatories and document requests ready to serve on Plaintiff upon the granting of their motion. (ECF No. 40.) In a telephonic conference on this matter held on May 17, 2019, Plaintiff represented that it would be able to respond to document requests related to the sale of the Vessel within fourteen (14) days of receipt of the requests. As the discovery is directed to Plaintiff, who did not object to this motion, and the permitted discovery should not require the Court to continue upcoming dates and deadlines, the Court finds that Defendant Caboz will not be prejudiced.

Accordingly, the Court **GRANTS IN PART** the Freitas Defendants' motion to reopen discovery for the limited purpose of serving requests for production on Plaintiff directly related to the sale of the Vessel by Plaintiff to a third party. The Freitas Defendants shall serve their requests for production on Plaintiff within two (2) court days of the date of this Order. Plaintiff shall respond to the requests for production within fourteen (14) days of being served with the requests. *See* Fed. R. Civ. P. 34(b)(2)(A).

### C. Freitas Defendants' Motion to Amend the Scheduling Order

The Freitas Defendants also move to amend the Scheduling Order issued in this case. (ECF No. 41.) Specifically, the Freitas Defendants seek to extend all dates and deadlines in the Scheduling Order by a period of 90 to 120 days, including, but not limited to, the deadline to file pretrial motions and the final Pretrial Conference.[3] Plaintiff does not oppose the request, and states in its motion to reopen discovery that the requested extension makes practical sense because a "trial of this case is not ripe due to the $893,000 in wages claims asserted by crewmen in the American Samoa action," and "[t]hose claims will in turn determine the amount of deficiency underlying in this case." (ECF No. 42-1 at 8.) Defendant Caboz objects for the reasons set forth above. (*See* ECF Nos. 42-1 at 2; 43; 44.)

---

[3] To the extend there is an implied motion to continue the Mandatory Settlement Conference. For failure to set forth good cause, that motion is denied. The Mandatory Settlement Conference remains on calendar for May 21, 2019.

The Freitas Defendants contend that they will not be able to comply with the deadlines specified in the Scheduling Order pending the Court's determination of their motion to reopen discovery. (*Id.* at 2.) The Freitas Defendants further state that they "agree [with Plaintiff] that this action is not ripe for resolution or meaningful settlement until further discovery is conducted and/or the ongoing action in American Samoa has concluded."

For failure to set forth good cause, the Court **DENIES** the motion to amend the Scheduling Order **WITHOUT PREJUDICE**. The Freitas Defendants do not address what type of pretrial motion they intend to bring, and why that motion could not have been brought before the April 26, 2019 deadline. As to the concern that the full measure of Plaintiff's damages cannot be determined until the conclusion of Samoan Action, Plaintiff has not suggested a time frame for the completion of the Samoan Action. In light of Defendant Caboz's advanced age and deteriorating health condition, the Court is not prepared to continue the schedule based upon a variable with no predicted end date.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to reopen discovery (ECF No. 42), **GRANTS IN PART** the Freitas Defendants' motion to reopen discovery (ECF No. 40), as set forth above, and **DENIES WITHOUT PREJUDICE** the Freitas Defendants' motion to amend the Scheduling Order (ECF No. 41).

**IT IS SO ORDERED.**

Dated: May 22, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge